(No. 33983.—■■■■■■■)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN ALFRED WEAVER *et al.,* Plaintiffs in Error.

*Opinion filed January 24, 1957.*

JOHN ALFRED WEAVER, and WILLIAM THOMAS MITCHELL, *pro sese.*

LATHAM CASTLE, Attorney General, of Springfield, and

JAMES P. KELLSTEDT, State's Attorney, of Peoria, (FRED G. LEACH, EDWIN A. STRUGALA, and WILLIAM H. YOUNG, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiffs in error, John Alfred Weaver and William Thomas Mitchell, hereinafter referred to as defendants, were tried by jury in the circuit court of Peoria County and convicted of the crimes of burglary and larceny under an indictment which also charged them of having previously been convicted of the crime of larceny. They were each sentenced to the penitentiary for concurrent terms of not less than one nor more than 10 years on the larceny count; not less than one year nor more than life imprisonment on the burglary count; and life imprisonment on the count which alleged the prior conviction. They have sued out a writ of error from this court to review their judgments of conviction, bringing before us the common-law record only.

From that record it appears that the indictment in question charged each defendant in the first count with larceny; in the second count with the crime of burglary with force; and in the third count with burglary without force. The fourth count charged Weaver with the crime of burglary and further alleged that he had theretofore been convicted of the crime of larceny. The fifth count charged Mitchell with the crime of burglary and also charged that he had theretofore been convicted of the crime of larceny. The jury returned verdicts finding each defendant guilty under the first three counts and also verdicts finding them guilty under counts four and five. The latter verdicts were in the following language: "We, the jury, find the defendant * * * guilty of burglary and being a habitual criminal in the manner and form as charged * * *."

In the judgment order and sentence of the court, the

trial judge made a finding that each defendant had previously entered a plea of guilty and had been convicted of the crime of grand larceny "as set forth in the indictment and found in said verdict."

The principal assignment of error raised by the defendants is that the indictment and the verdict were each insufficient to support a judgment of conviction under the Habitual Criminal Act. Their contention is based upon the fact that the indictment, in setting forth the prior conviction, alleged only that the defendants had theretofore been convicted of the crime of "larceny" which is a crime not specified in the Habitual Criminal Act. (Ill. Rev. Stat. 1955, chap. 38, par. 602.) This act provides as follows: "Whenever any person who has been convicted of burglary, grand larceny, horse stealing, larceny of a motor vehicle, larceny from the person, rape, robbery, sale of narcotic drugs, forgery, arson, counterfeiting, kidnapping, confidence game or extortion by threats when the punishment was imprisonment in the penitentiary, shall thereafter be convicted of any of such crimes, committed after the first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction therefor; * * * provided that such former conviction, or convictions, and judgment or judgments shall be set forth in apt words in the indictment."

It will be noted that the crimes of grand larceny, larceny of a motor vehicle and larceny from the person are specified in such section whereas the crime of "larceny" is not so specified. The question thus presented is whether an indictment charging a prior conviction of "larceny" without specifying that it is grand larceny, larceny of a motor vehicle or larceny from the person is sufficient to support a conviction under the Habitual Criminal Act.

The verdict of the jury found the defendants guilty of

being habitual criminals in the manner and form as charged. In the indictment in each of their cases it is charged that they were previously charged with larceny—each entered a plea of guilty and each was sentenced to the Illinois penitentiary for a period of years. This is tantamount to a charge of prior conviction of grand larceny. Larceny that carries with it a penitentiary sentence is necessarily grand larceny.

The judgments of conviction entered herein should therefore be affirmed.

*Judgments affirmed.*