(No. 35191.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN ALFRED WEAVER *et al.,* Plaintiffs in Error.

*Opinion filed November 18, 1959—Rehearing denied Jan. 18, 1960.*

SCHAEFER, J., took no part.

JAMES M. GOFF, and ADLAI E. STEVENSON III, both of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and EUGENE M. PRATT, State's Attorney, of Peoria, (FRED G. LEACH, and WILLIAM H. SOUTH, Assistant Attorneys General, and WALTER G. HAGEMEYER, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

A jury found the defendants, John Alfred Weaver and William Thomas Mitchell, guilty on counts of larceny and of forcible burglary and found that they had been previously convicted of larceny. The circuit court of Peoria County sentenced each of them to the penitentiary for concurrent terms of not less than one nor more than 10 years on the larceny count; not less than one year nor more than life imprisonment on the burglary count; and life imprisonment on the count alleging the prior conviction. In *People v. Weaver*, 10 Ill.2d 218, with only the common-law record before us, we held that the indictment and verdicts were each sufficient to support a judgment of conviction under the Habitual Criminal Act. (Ill. Rev. Stat. 1957, chap. 38, par. 602.) Defendants now maintain that their conviction should be reversed because the evidence did not support the verdicts, various improper remarks of the State's Attorney deprived them of a fair trial; and, the jury was improperly instructed.

On August 15, 1953, the White Rock Tavern in Peoria was burglarized and a number of items stolen therefrom. These items included coins from the juke box and cigarette machine, 22 or 23 half-pints of Seagram's Seven Crown and Corby's whiskeys, 2 quarts of Seagram's Seven Crown whiskey, three boxes of cigars and an unknown quantity of assorted brands of cigarettes. Two men were seen coming out of the tavern about 4 A.M. They were carrying something and went into the weeds on the north side of the tavern. The police were called and a squad car arrived within a few minutes. Defendant Weaver was apprehended in the weeds by the police officers. He was searched and found to have in his possession two screw drivers, two half-pints of Seagram's Seven Crown whiskey and $49.52 in coins of small denominations. The officers then checked the weeded lot and found a carton containing 73 packages of cigarettes, 20 half-pints of whiskey, 2 quarts of Seagram's whiskey, and 3 boxes of cigars. Weaver was taken to the police station where he revealed that he owned a 1936 Chevrolet and its location. The police then went to Weaver's car where they found the defendant Mitchell lying on the back seat. They searched the car and found a half-pint of Seagram's Seven Crown whiskey.

Weaver testified that he and his wife went to Dick and Mary's Tavern in the afternoon of August 14 and were drinking there when they met Mitchell. All three left for Weaver's home about 5 P.M. When they arrived at Weaver's home, Weaver emptied a quart fruit jar of coins into his pockets and then he and Mitchell returned to Dick and Mary's Tavern. They drank beer there until about 7:30 and then went to the Illinois Tavern. There they did more drinking and Mitchell bought a half-pint of Seagram's Seven Crown whiskey. They then went to Yakoff's Tavern, drank two glasses of beer, bought two half-pints of Seagram's Seven Crown whiskey and returned to Dick and Mary's Tavern. Between 10:00 and 10:30 they started

home but the Chevrolet would not start. Weaver tried to repair it, using two screw drivers, but he was unsuccessful. They started to walk home, but seeing a light in the White Rock Tavern they went there and drank more beer. Again they returned to Dick and Mary's where they drank beer until closing time. They then drank more beer in the car. Weaver became ill, left the car, sat on the curb and does not remember anything from then until the police awakened him in the weed patch near the White Rock Tavern. He denied entering the White Rock Tavern after it was closed and denied taking anything from there.

Mitchell corroborated the testimony of Weaver. He stated that after Weaver left the car, he crawled into the back seat, opened the half-pint of whiskey he had bought, took two large drinks and went to sleep. He also denied breaking into the White Rock Tavern.

Richard Karkhove, the operator of Dick and Mary's Tavern, testified that Mitchell and Weaver were drinking beer in his tavern from time to time during the afternoon and evening of August 14 and that they left when the tavern closed at 1:00 A.M. on August 15. He stated that he noticed a man sitting on the curb near Weaver's car between 2:00 and 2:30 A.M.

Mrs. Weaver testified that she and her husband kept coins, consisting of nickels, dimes and quarters in a fruit jar which was about three-fourths full on August 14.

Mrs. Weaver's son by a former marriage testified that Weaver emptied the jar on the evening of August 14.

Charles Siens testified that he saw Weaver and Mitchell at Dick and Mary's Tavern shortly after midnight, and that he borrowed three dollars in change from Weaver whose pocket was bulging with nickels, dimes and quarters. He also stated that Weaver had two half-pints of whiskey in his back pockets and that Mitchell had a half-pint of whiskey in his back pocket.

The principal question presented by this writ of error

is whether the defendants' guilt was proved beyond a reasonable doubt. It is a well-established rule that the recent, exclusive and unexplained possession of stolen property by an accused person in and of itself gives rise to an inference of guilt which may be sufficient to sustain a conviction in the absence of other facts and circumstances which leave in the mind of the jury a reasonable doubt as to his guilt. (*People* v. *Pride,* 16 Ill.2d 82; *People* v. *Bennett,* 3 Ill.2d 357; *People* v. *Nixon,* 414 Ill. 125.) Defendants contend, however, that the People produced no evidence beyond the circumstances to show that they were in possession of stolen property and that their evidence clearly established that the coins and whiskey in their possession were not stolen property.

The proceeds of the larceny in this case—namely, coins, cigarettes, cigars and bottles of whiskey, unlike the engineer's transit in *People* v. *Pride,* 16 Ill.2d 82, the meat grinder in *People* v. *Bennett,* 3 Ill.2d 357, and the chain saw in *People* v. *Nixon,* 414 Ill. 125,—are almost devoid of features which enable them to be positively identified. When items such as these are the proceeds of a larceny or robbery, their identity as being those in the possession of the accused must necessarily be drawn from other facts satisfactorily proved. In such cases the question of the identity of the property is ordinarily one of fact for the jury's determination.

The record reveals that the police arrived at the scene of the crime within a few minutes after two men were seen leaving the White Rock Tavern carrying a heavy burden into the weed patch. The police discovered Weaver in the weed patch and found two half-pints of Seagram's Seven Crown whiskey and a number of coins in his possession. They also found all the stolen items in the weed patch except for two or three half-pints of whiskey and the coins. They later found Mitchell in Weaver's car with a half-pint of Seagram's Seven Crown whiskey. These circumstances

point strongly to the fact that the whiskey and coins in defendants' possession were a portion of the stolen property.

Although the defendant's testimony and that of their witnesses was not contradicted by any positive testimony it was in conflict with the circumstantial evidence produced by the People. Upon this record we believe the jury could properly find the defendants guilty beyond a reasonable doubt. As we said in the recent case of *People* v. *Russell*, 17 Ill.2d 328, "It is possible, of course, to conjure up hypotheses that are inconsistent with the defendant's guilt * * * as it is in any case in which judgment rests on circumstantial evidence. * * * But the requirement that the defendant's guilt be proved beyond a reasonable doubt does not mean that the jury must disregard the inferences that flow normally from the evidence before it."

It is next contended that the prosecutor made several misstatements of facts in his closing argument. He said that the plant guard who worked across the street knew when the White Rock Tavern closes and he knew that there were not supposed to be lights on at 4 o'clock in the morning, so he called the police. There is no evidence in the record of a light being on in the tavern at 4 A.M. The prosecutor misstated this fact but it is an immaterial fact.

Another misstatement was that the juke box took dimes and nickels. Objection to this statement was sustained and the jury instructed to disregard it.

The State's Attorney also said that one of the guards "saw them moving in the weeds." The guard did testify that he saw two men move from the tavern into the weeds on the north side of the tavern. Although the prosecutor's statement was not entirely accurate as to what the plant guard said, it was not prejudicial.

The State's Attorney said that Mitchell ran to Weaver's car and waited for him. This was objected to and sustained by the court.

While these statements by the prosecutor may be sub-

ject to criticism, they do not have the effect asserted by defendants. It is clear that the remarks were not a material factor in defendants' convictions, and that they could not have been injured by them. We have held that such slight errors, not affecting the merits or justice of the decision, will not justify a reversal. *People* v. *Jenko,* 410 Ill. 478.

Defendants contend that reversible error was committed when the State's Attorney made an improper and prejudicial remark as to Weaver's credibility. He said "Ladies and gentlemen, on that testimony of John Alfred Weaver I have never heard such lying in all my life." We are of the opinion that the prosecutor may call a witness false, if in doing so he relies on the evidence and the inferences from it to support his conclusion. There is nothing to indicate that the belief of the State's Attorney was based on anything other than the circumstantial evidence and the inferences to be drawn from it. Cf. *Stewart* v. *United States,* (D.C. cir.) 247 F.2d 42.

It is finally argued that the jury was improperly instructed. Defendants complain of People's instruction number 7 which charged the jury "that the doubt to authorize an acquittal must be as to the guilt on the whole evidence and not as to any particular fact in the case not essential and material to constitute the crime charged." They say that this instruction leaves to the jury the legal question as to what facts are essential and material to constitute the crime charged. The court gave other instructions which when taken together stated the elemental facts constituting the crime charged. Treating this instruction as a part of the series given, we find no prejudicial error. *People* v. *Hartwell,* 341 Ill. 155.

The next instructions complained of are People's 5, 7, 8 and 9. It is conceded that except for number 7 these instructions correctly state the law. It is asserted, however, that repetitive instructions on reasonable doubt are

most apt to unduly influence the jury. This court has condemned superfluous instruction on reasonable doubt. (*People* v. *Wallace,* 279 Ill. 139.) Instructions will be considered as a series, however, and when, so considered, they fully and fairly announce the law applicable to the theories of the People and of the defendant, respectively, this court will not reverse if one or more instructions, standing alone, are superfluous or misleading. (*People* v. *Marsh,* 403 Ill. 81; *People* v. *Hartwell,* 341 Ill. 155.) Taking the instructions in this case as a series, we are of the opinion that the instructions complained of do not constitute prejudicial error.

The judgments are affirmed.　　*Judgments affirmed.*

Mr. Justice Schaefer took no part in the consideration or decision of this case.