(No. 36901.—

The People of the State of Illinois, Defendant in Error, *vs.* Harold Sellers, Plaintiff in Error.

*Opinion filed January 22, 1964.*

Roland J. Jurgens, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Elmer C. Kissane and William J. Martin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

After a bench trial in the criminal court of Cook County the defendant, Harold Sellers, was convicted of burglary and sentenced to a term of four to seven years in the peni-

tentiary. On this writ of error he contends that the indictment did not adequately inform him of the charges against him; that there was a fatal variance between the indictment and the proof; that certain evidence was erroneously admitted; that the evidence did not establish his guilt beyond a reasonable doubt and that the sentence was excessive and disproportionate.

Harvey Waller, a post-office employee, testified that on March 26, 1961, at about 8:45 P.M. as he was collecting mail from a letter box in Chicago, he heard the sound of breaking glass, "looked up immediately" and saw the defendant "coming back out of" the front window of a restaurant about 70 feet away. The area in front of the window was illuminated by a nearby street light and he was able to observe the defendant's face and clothing as the defendant walked toward him for about 10 or 15 feet before stepping into a recessed doorway. The defendant had a white cloth "approximately handkerchief size" wrapped around one hand. Waller entered his mail truck, continued to look back toward the defendant through the back window of the truck and saw the defendant step out of the doorway, "turn around and go back to the broken store window, reach in and take out a package" and then walk away from him into an alley.

Waller stopped a police car and told the two officers in the car what he had seen. As the officers turned into the alley they saw the defendant running and pursued him for about three blocks. Immediately after he was caught, the defendant, who still had a white handkerchief wrapped around one hand, stated: "If it wasn't for the damn mailman, you police wouldn't never gotten me." He was carrying a brown paper sack which contained two La Palina cigar boxes and one Harvester cigar box. Each box contained cigars and one also contained two rolls of pennies. Waller testified that when he arrived at the scene of the arrest the defendant said to him, "It was me, wasn't

it? Go ahead tell them it was me." Waller told the officers that the defendant was the man whose activities he had reported to them earlier. The officers then took the defendant back to the broken window. One of the officers broke out more glass to make it easier to climb in, and the defendant said: "I didn't break that much of the window so don't go blaming me for it." .

Michael Cosentino, the restaurant owner, testified that when he left the building on March 25 it was fully locked and that when he returned the next day a police officer was waiting inside. About $35 in cash, five cartons of cigarettes and four boxes of cigars were missing. He stated that he stored brown paper sacks and cigars near the cash drawer from which the missing money was taken. He "guessed" that he had some rolls of pennies in the cash drawer but did not remember what brands of cigars had been taken. At the conclusion of Cosentino's testimony three cigar boxes and two rolls of pennies were received in evidence over the defendant's objection.

The defendant denied breaking into or taking anything from the restaurant. He stated that he was on his way to a friend's house when he found a paper sack lying on the sidewalk. He picked it up, and was arrested shortly thereafter. He denied having made any of the incriminating statements attributed to him by the arresting officer and Waller.

The defendant contends that the words "Burglary, Etc.", which appear in the caption of the indictment, did not adequately inform him of the charges against him. But it is the body of the indictment, rather than the caption, which must specifically state the essential elements of the crime or crimes with which the defendant is charged. (*People* v. *Duden*, 3 Ill.2d 16.) The indictment charged that the defendant broke and entered the restaurant building of Michael Cosentino with intent to steal the property of Cosentino and that the defendant "feloniously and bur-

glariously stole, took and carried away" certain property of Cosentino consisting of $35 in United States currency, five cartons of cigarettes, each carton of the value of two dollars, and four boxes of cigars, each box of the value of four dollars. The indictment thus alleged the essential elements of the separate crimes of burglary and larceny. The two charges arose out of the same transaction, and they were properly joined in the same count. *People* v. *McMullen,* 400 Ill. 253; *People* v. *Keene,* 391 Ill. 305.

The defendant urges that it was error to admit in evidence the three cigar boxes and the rolls of pennies that were in his possession when he was arrested, on the ground that their ownership was not established. The owner of the restaurant testified that about $35 in cash, five cartons of cigarettes and four boxes of cigars were missing. He did not remember what brands of cigars had been taken, nor was he certain that there were rolls of pennies in the cash drawer on the night of the burglary. The items in question, however, were the kind of property that is devoid of distinctive features that would enable it to be readily identified. (See, *People* v. *Weaver,* 18 Ill.2d 108, 113; *People* v. *Rembowicz,* 335 Ill. 604, 614.) They were found in the defendant's possession immediately after the crime was committed, and in our opinion the court did not err in admitting them in evidence. Nor was it error to admit testimony as to the value of the articles taken. That evidence was relevant to the larceny charge, and its admission was not prejudicial even though the defendant was convicted of burglary only. The defendant's claim of variance is based upon the fact that it was not proved that he took each of the items named in the indictment. Since the defendant was not found guilty of larceny, that claim need not be discussed.

The evidence justified the finding of the trial court that the defendant's guilt was proved beyond a reasonable doubt. The defendant admitted his prior conviction of burglary in 1955, and during the hearing in mitigation and aggravation

the court was advised of other less serious offenses. The sentence was within statutory limits, and the court did not abuse its discretion in imposing it.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*