**The People of the State of Illinois, Appellee, v. Conrad S. Smith (Impleaded), Appellant.**

**Gen. No. 65–21.**

Second District.

January 3, 1966.

John R. Snively, of Rockford, for appellant.

William R. Nash, State's Attorney, and Alfred W. Cowan, Jr., Assistant State's Attorney, both of Rockford, for appellee.

■■■■■■

MR. JUSTICE MORAN delivered the opinion of the court.

The defendant, Conrad S. Smith, was indicted for armed robbery, tried by a jury, found guilty and sentenced to the Illinois State Penitentiary for a term of not less than five nor more than twenty years.

On the morning of June 10, 1964, the defendant and a companion entered the Domino Liquor Store in Rockford, Illinois. One Ann Ginestra, an employee of the liquor store, and one Patrick Feeley, a wholesale liquor salesman, were the only ones in the store at the time.

Upon entering the store, one of the pair approached Ann Ginestra and Patrick Feeley, and while holding a gun, announced that it was a stickup. Ginestra was then ordered to the safe to get the money and Feeley, after being relieved of his own money, was ordered into a cooler. In the meantime, Ann Ginestra removed a cigar box from the safe containing both coin and currency and placed it, together with money from the cash register, in a paper sack and gave it to one of the pair as directed.

As the pair fled, a description was obtained of the getaway car and immediately telephoned to the police. Within a matter of minutes the car was spotted by a patrol car a few blocks from the liquor store, pursued, and the defendant and his companion arrested. The arresting officers found a revolver, matching the description of that one used in the robbery, and a cigar box containing money in a paper sack under the front seat of the car.

The police questioned the defendant at the police station and at 1:00 p. m., one hour after his arrest, he signed a confession.

The defendant appeals assigning numerous alleged errors which we shall consider in the order presented.

■■ Defendant complains that the indictment herein is fatally defective in that it fails to contain a recitation, in the terminology of section 716 of the Criminal Code of

260

1874, that the grand jurors "chosen, selected and sworn, in and for the County of ———, in the name and by the authority of the people of the State of Illinois, upon their oaths, present." This contention is predicated upon a section of the old Criminal Code which was repealed as of January 1, 1964, and supplanted by section 111–3 of the Code of Criminal Procedure of 1963; and the latter section contains no requirement that the commencement of an indictment be in any particular form or contain any particular language. It is in terms of section 111–3 that the indictment before us, returned on June 30, 1964, must be examined. Additionally, even in considering the sufficiency of indictments under section 716 the courts have held that the caption or commencement is not a part of an indictment and has no bearing upon the sufficiency of the charge. The People v. Shaw, 300 Ill 451, 452, 133 NE 208 (1921). It is the body of the indictment rather than the caption or commencement which controls. The People v. Sellers, 30 Ill2d 221, 223, 196 NE2d 481 (1964).

· The defendant next contends that the indictment herein is fatally defective in that it does not state an offense, and, particularly, that it does not comply with the provisions of section 111–3(a)(3), (4) of the Code of Criminal Procedure of 1963.

██ ██ Considering first the contention that the indictment does not set forth the nature and elements of the offense charged, a mere reading of the indictment discloses that it charges "That on the 10th day of June, 1964, in the County of Winnebago and State of Illinois . . . ," the defendant, "committed the offense of Armed Robbery, in that (he), by threatening the imminent use of force or by the use of force and while armed with a dangerous weapon, to-wit: a certain·revolver, took certain money of the legal money and currency of the United States of America from the person or presence of Ann Ginestra, in violation of Paragraph

261

18–2, Chapter 38, Illinois Revised Statutes." It is impossible for us to conceive how the nature and elements of the offense charged could have been more properly and fully set forth; each and every element of armed robbery is properly stated in the indictment. The contention that the indictment is faulty in that it did not set forth or describe the value of the property taken is without merit as value is not an element of robbery, provided the property has some value as "currency of the United States of America" surely has. The People v. Flaherty, 396 Ill 304, 311, 71 NE2d 779 (1947); People v. Smith, 63 Ill App2d 369 (2nd Dist, 1965), 211 NE2d 456, 462.

The contention that the indictment is fatally defective for not stating the time and place of the offense in accordance with section 111–3(a)(4) of the Code of Criminal Procedure, 1963, has recently been answered by our Supreme Court. In The People v. Blanchett, 33 Ill 2d 527, 212 NE2d 97, an information, almost identical to the indictment in the case at bar, was held sufficient to allege the offense of armed robbery.

Error is assigned due to the alleged prejudicial comments of the trial judge. The only thing we differ with the defendant about in relation to his allegation concerning these remarks and comments is his conclusion. Thus, there is no question that a defendant is entitled to a fair trial, that it is the trial judge's duty to see that the defendant has such a trial, and that no remark or comment should be made by the trial judge to cause prejudice or hostility towards the defendant. There is, however, likewise no question that counsel by his conduct or otherwise cannot elicit an admonition from the trial judge and then hope to hide behind it as error on review. People v. Smith, supra, 459.

We have carefully read the record before us and find no remark or comment that we feel could have created any prejudice or hostility in the minds of the jury

against the defendant. We further find no comment or remark directed at the defendant himself that could possibly be construed as an expression of the opinion of the court concerning evidence in the case.

The defendant next complains that a certain cigar box containing money was improperly admitted in evidence and that this constitutes reversible error. This position apparently is predicated upon defendant's contention that the cigar box and money was not identified. The difficulty we find with this contention, however, is that it completely ignores the testimony of the witnesses Ginestra and arresting officer Haeferer. As we read the record, Ginestra, both on direct and cross-examination, quite clearly identified the cigar box and the money as that which she was ordered to remove from the safe and the cash register, place in the paper sack, and give to the robber; equally clear is the testimony of Haeferer to the effect that the cigar box and money was that found by him in a paper sack beneath the front seat of the car in which the defendant and his companion were riding.

 If the defendant's objection be based upon the lack of positive identification that the cigar box and money which was People's Exhibit 3 was the same cigar box and money taken from the liquor store, such an objection is properly addressed to the weight of the evidence and not its admissibility.

Thus, in the case of The People v. Weaver, 18 Ill2d 108, 163 NE2d 483 (1959), in considering the question of the identification of the proceeds of a larceny such as coins the court said at page 113.

> "When items such as these are the proceeds of a larceny or robbery, their identity as being those in the possession of the accused must necessarily be drawn from other facts satisfactorily proved. In such cases the question of the identity of the proper-

263

ty is ordinarily one of fact for the jury's determination."

We are satisfied that the cigar box and money were identified, that they were sufficiently connected with the crime and the defendant, and that they were relevant. People's Exhibit 3 was properly admitted in evidence. See also, The People v. Sellers, supra; People v. Smith, supra, 460.

The defendant next contends that his confession is inadmissible as having been obtained under circumstances violative of his constitutional rights. Citing as authority Escobedo v. Illinois, 378 US 478, it is his contention that a confession elicited by police from a defendant who has not been first advised of his right to counsel and his right to remain silent is inadmissible. This is neither the holding of Escobedo nor its interpretation by the Supreme Court of this state. In the Escobedo case, the United States Supreme Court held that the refusal of the request of the accused to consult with his counsel who was then present, coupled with the failure to warn the accused of his right to remain silent, amounted to a denial of the assistance of counsel in violation of the Sixth Amendment to the Constitution of the United States made applicable to the states by the Fourteenth Amendment. Escobedo, then, did not pass upon the facts that are presented in the case at bar. The same factual situation did exist, however, in The People v. Lewis, 32 Ill2d 391, 207 NE2d 65 (1965), where a fifteen-year-old defendant was interrogated by an Assistant State's Attorney and was neither advised of his right to remain silent nor his right to counsel. Here, the court said at pages 393, 394:

"There was no evidence of improper conduct and, in the absence of a request by the defendant, the failure of the authorities to advise him of his right to counsel

264

and his right to remain silent does not render the confession inadmissible."

■ Although for purposes of our discussion of the effect of the failure to advise the defendant of his right to counsel and to remain silent we have assumed that the defendant was not so advised, we are not unmindful of the testimony of the police officer that the defendant understood that he had a right to counsel, nor that in the body of the confession itself there is a statement that the defendant understood that it could be used against him in a court of law. We have further noted that the confession here questioned was given by the defendant within one hour after his apprehension, and that the question of its voluntariness was not even raised.

■ The defendant next suggests that there exists a fatal variance between the allegations of the indictment and the proof. He here contends that there is no proof that the money had value or that the money was money of the legal money and currency of the United States of America. Armed robbery, however, is defined as the taking of property from the person or presence of another by the use of force or by threatening the imminent use of force while armed with a dangerous weapon. And the term "property" as herein used is defined as including money. Ill Rev Stats ch 38, section 15–1 (1963). Consequently, there is no necessity of proof that the money had value. From the testimony of the victim, as well as from the money itself, as admitted, we are satisfied that there was ample proof that it was a part of the legal money and currency of the United States of America. See People v. Smith, supra, 462.

■ It is the defendant's next contention that there is no proof of the corpus delicti, and that the evidence is insufficient to sustain the conviction. Based upon our examination of the record we cannot agree.

The victim of the crime and two other eyewitnesses identified the defendant at the trial. The victim testified to the effect that the defendant stood within a few feet from her with a gun at his side and ordered her to go to the safe and get the money; that while the defendant placed the liquor salesman and customers in the cooler, his accomplice went with her to the safe and ordered her to give him the money. The accomplice testified at the trial that he and the defendant held up the liquor store together. Within a matter of minutes after the robbery, the police stopped a vehicle matching the description of the getaway car and found the defendant riding therein with the gun and money under the front seat. The money, cigar box and gun found in the car were identified at the trial. Defendant's signed confession, corroborating the testimony of the victim and his accomplice, was received in evidence.

We are fully satisfied that every essential element of the offense has been proven beyond a reasonable doubt. There exists no reasonable doubt of the defendant's guilt.

Finally the defendant urges that the punishment imposed by the trial court was excessive and should be reduced. The abstract and record fail to disclose any hearing in mitigation and aggravation. There is nothing to disclose the background of the defendant, or other evidence upon which the trial court exercised its discretion. Absent a clear showing of abuse of discretion, the sentence of the trial court will not be disturbed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.