The People of the State of Illinois, Appellee, v. Eugene F. Shockey, Appellant.

Gen. No. 64–111.

Second District.

January 3, 1966.

John R. Snively, of Rockford, for appellant.

William R. Nash, State's Attorney, and Alfred W. Cowan, Jr., Assistant State's Attorney, both of Rockford, for appellee.

JUSTICE MORAN delivered the opinion of the court.

We are asked to review a decision of the Circuit Court of Winnebago County in a burglary case. Our review leads us to the inescapable conclusion that the judgment of the trial court is correct and should be affirmed.

In the early evening of March 11, 1964, Porter Shockey, the younger brother of Eugene F. Shockey, drove the defendant to a location in the city of Rockford near the Pryor Packing Company plant. Several hours later Porter Shockey met the defendant at their home and the defendant asked him if he wanted "to go in on some check writing." The brothers agreed and drove to a location near by the Pryor Packing Company where they removed a check protector and a book of blank checks from a truck. The defendant told his brother that he had obtained the checks and the protector from the Pryor Packing Company. The defendant then filled out several checks in the presence of his brother and cashed two checks. Two days later the defendants were stopped by a police officer and they attempted to flee, throwing the check protector and the checks out of the car window. They were immediately apprehended and the defendant

was subsequently indicted for the crimes of burglary and forgery. The burglary charge is the only matter presented by this appeal.

The defendant brings various errors to this court and we will consider them in the order of their presentation to us.

██ ██ First, the defendant finds fault with the indictment in that it did not recite the selection and swearing of the grand jury and that the grand jury presented the indictment on oath. It is true that the indictment in the present case did not contain complete information in its caption, however, it has been repeatedly held that the essential elements of the offense must be charged in the body of the indictment and that the caption is not a part of the indictment for these purposes. People v. Sellers, 30 Ill2d 221, 196 NE2d 481 (1964).

██ The defendant next alleges that the indictment was insufficient because it did not state an offense and particularly that it did not specify the time and place of the offense. The indictment charged that on the 12th day of March, 1964, the defendant committed "the offense of Burglary in that he, without authority, knowingly entered into the building of Samuel L. Pryor and Joseph Ciembronowicz, a partnership, doing business as Pryor Packing Company, located at 3 Harrison Avenue, Rockford, Illinois, with intent to commit therein a theft, in violation of Paragraph 19-1, Chapter 38, Illinois Revised Statutes." It will be noted that all of the elements of the crime are present and the only issue is whether or not the time and place of the offense are set forth with sufficient clarity.

This argument has been finally put to rest by the recent decision of our Supreme Court, wherein Justice Solfisburg, Jr., speaking for the court, stated that the allegation of date and county in the charge was sufficient compliance with section 111-3(a)(4) of the Code of

Criminal Procedure. The case referred to is People v. Blanchett, 33 Ill2d 527, 212 NE2d 97.

 The defendant next contends that he was prejudiced because of remarks of the trial judge. We have studied the entire record and find no remarks of the trial judge requiring a reversal. In almost every case it is possible to take some remark out of context and out of the heat of a trial and find possible prejudice. It is one thing to consider these isolated remarks in the tranquil atmosphere of an appellate tribunal and quite another thing to consider them in the whole context of an actual trial. It is apparent from a reading of the entire record that the remarks were a result of severe provocation on the part of the defendant's counsel.

The defendants next allege that evidence of subsequent and separate offenses was admitted. In fact, certain of the checks were admitted and identified as checks prepared and cashed by the defendant. As indicated, the defendant has also been indicted for forgery in connection with these same checks.

The checks were not offered or admitted to prove forgery. On the contrary, the checks were offered for the limited purpose of identifying the defendant and indicating his intent in connection with the burglary. The trial court admonished the jury that the checks had been admitted for a limited purpose. The defendant was entitled to have a jury instruction to that effect but failed to offer any such instruction.

 As a general rule, evidence of other offenses is ordinarily inadmissible. A recognized exception to the general rule exists where the evidence tends to aid in the identification of the accused as the person who committed the particular crime charged. People v. Lewis, 30 Ill2d 617, 198 NE2d 812 (1964). There was no error in the admission of the checks in this case since they fall well within the exception to the general rule. Defendant's

counsel could have protected his client by a jury instruction in addition to the trial court's cautionary remarks. However, he failed to do so.

■ The defendant next contends that the principal witness for the State, namely Porter Shockey, the brother of the defendant, was compelled to give evidence against himself in violation of his constitutional privileges. In fact, the witness was given immunity by the State's Attorney orally, right on the witness stand prior to testifying. Without regard to the validity of this procedure, it is clear that the privilege is personal to the witness and cannot be raised by the defendant or anyone else other than the witness. The defendant cannot complain if detriment is suffered by someone else. Therefore, we conclude that this issue may not be raised by this defendant.

■ Several weeks after the conclusion of the trial, the defendant filed an affidavit executed by his counsel asserting that one of the jurors was guilty of misconduct in that he fell asleep during the trial. Anyone who reads the entire record will find this hard to believe. What the defense lacked in merit, it more than made up in volume and it seems incredible that anyone would have been able to sleep through the trial. In any event by failing to call the trial court's attention to the matter at the time it occurred counsel has waived his objection. People v. Nachowicz, 340 Ill 480, 172 NE 812 (1930), People v. Ford, 19 Ill2d 466, 168 NE2d 33 (1960).

■ ■ The defendant next contends that the proof was insufficient to identify the accused and to convict him of the crime of burglary. It is true that the evidence was largely circumstantial. That is not unusual and it does not constitute grounds for reversal in and of itself. In this case the defendant had possession of the stolen articles. He admitted to his brother that he had taken them from the Pryor Packing Company. Upon his apprehension he attempted to flee. In view of all of

the circumstances the jury could easily conclude, as it did, that the defendant was guilty of the crime of burglary. We find no reasonable doubt in this record of the defendant's guilt.

■ ■ The defendant lastly contends that the sentence of five years to fifteen years handed down by the trial court is excessive and should be reduced by this court. While we have the power to reduce the sentence, we cannot overlook the fact that the trial judge saw the defendant and heard all of the testimony. He is in a better position to appraise the situation and determine which sentence will best serve the interests of society. Therefore, we should not intercede, absent a clear and substantial ground. The defendant has not suggested any reason for this court to exercise its power. If this is a case where this court should reduce the sentence, then we should be told about it. Absent such a declaration, we cannot and will not intercede with the findings of the trial judge.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.