**People of the State of Illinois, Plaintiff-Appellee, v. James Faulkner, Defendant-Appellant.**

**Gen. No. 52,940.**

First District, Third Division.

July 18, 1969.

Manning K. Leiter, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, and Kenneth Gillis, Special Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

James Faulkner was convicted of burglary in a nonjury trial and sentenced to one to two years in the penitentiary. His appeal questions the admissibility of evidence introduced during his trial.

On January 29, 1967, at about 1:15 a. m., two police officers received a radio call of a burglary in progress in a store at Oak and Franklin Streets, Chicago. Because of heavy snow they left their car a block away and walked toward the store. As they approached it they saw about six men crawling underneath its iron gate, carrying merchandise. The men came toward the officers for about 10 feet, and then ran south in an alley. One officer pursued the men down the alley while the other officer ran parallel to the alley but two doors east of it. He came to an east-west alley which intersected the north-south one and, as he did so, he heard his partner yell, "One is going east." He turned west in the alley and saw Faulkner, one of the men he had seen fleeing from the store, coming toward him. Faulkner dropped the objects he was carrying and tried to kick snow over them. The officer arrested Faulkner and retrieved the merchandise.

The prosecution introduced into evidence three radios which the arresting officer identified as the objects he

recovered from the snow. An owner of the store testified that the radios were taken from the store. He said they had no serial number and the manufacturer produced others of the same type, but he recognized them because he had personally set up a group display of the three radios in a glass case.

Faulkner contends that the radios were inadmissible as evidence because there was no proof that they were ever in his possession, that there was no chain of custody established for them pending trial and that their identification by the owner was inadequate.

Faulkner was seen running from the store with merchandise in his possession. The officer who arrested him saw him drop some objects. Three radios were found at his feet. The arresting officer identified the radios introduced into evidence as the objects Faulkner tried to hide. A proprietor of the burglarized store identified the radios and said they were stolen from the store. The radios were adequately identified and properly admitted into evidence. People v. Sellers, 30 Ill2d 221, 196 NE2d 481 (1964); People v. Rembowicz, 335 Ill 604, 167 NE 797 (1929).

The judgment is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.