THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY CHARLES HALL, Defendant-Appellant.

(No. 71-47; ■■■■■■■■)

Second District—November 11, 1971.

John R. Snively, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (Ronald T. Wade, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant, Larry Charles Hall, was indicted for the crime of armed robbery, found guilty in a bench trial and sentenced for a term of not less than five nor more than ten years.

On August 10, 1968, at 11:00 P.M., John Sarantou, the owner of a drive-in liquor store located in Rockford, Illinois was closing his establishment. He was being assisted by his employee, John Dixon. After locking the door Sarantou and Dixon were walking toward their automobiles when the defendant and another man came up to them and announced that "it was a stick-up." The defendant was pointing a gun at Sarantou. The defendant and his partner ordered Sarantou to open the door to the store. He complied and all four men then proceeded inside the store where the defendant's accomplice took money from both

men and all the change that was in the cash register. The defendant then heard a whistle coming from outside the store and yelled, "Come on, let's go." The robbers pushed Sarantou and Dixon into a cooler, closed the door and fled.

Police officer Dennis E. Nielsen was in the process of answering the robbery call when he saw the defendant running near a lumber yard which was located ten to fifteen blocks from the scene of the crime. The defendant generally fit the description broadcast by the police. Nielsen stopped his car, searched the area and found the defendant crouching in the lumber yard. He was arrested, advised of his constitutional rights and searched. A paper bag containing twenty-five dollars, consisting of many coins and paper money, and a green coin purse stolen from Dixon, were found on the defendant. A gun, identified as the one brandished by one of the robbers, was found at the feet of the defendant.

At 1:00 A.M. the next morning, Officer Robert Walker advised the defendant of his constitutional rights and the defendant signed a statement indicating that he understood his rights and was waiving them. He then executed a written statement in which he admitted participating in the robbery. Later the same day, he was again advised of his rights and gave another statement, admitting he committed the crime.

■■ The defendant alleges numerous grounds for reversal. He first contends that the indictment is fatally defective in that it did not recite the selection and swearing of the grand jury or that the grand jury presented the indictment on oath. This court has already considered this contention and found it devoid of merit. (*People v. Shockey* (1966), 66 Ill.App.2d 245, 248; *People v. Smith* (1966), 66 Ill.App.2d 257, 260-61.) He also contends that the indictment was insufficient because it did not specify the time and place of the offense. Again, this court has considered this contention and found it devoid of merit. (*People v. Shockey, supra,* at 248-49. See also, *People v. Blanchett* (1965), 33 Ill.2d 527.) Defendant also contends that the indictment is defective in that it does not allege that the offense was "against the peace and dignity of the People of the State of Illinois." The Supreme Court in *People v. Petruso* (1966), 35 Ill.2d 578, 583, has held that this language is unnecessary.

■■ The defendant also contends that the indictment is defective in that it does not charge an offense because of numerous alleged omissions. However, this court has already considered these contentions concerning an almost identically worded indictment. In *People v. Smith,* 66 Ill.App. 2d 257, we held that the indictment was not defective. See, *People v. Delafosse* (1967), 36 Ill.2d 327.

■■ The defendant next contends that his confessions are inadmissible based upon *Miranda v. Arizona* (1966), 384 U.S. 436. We have examined

the record and find this argument untenable. The uncontroverted evidence is that the defendant was advised of his rights at the time of his arrest; that he was advised again the next day, signed a waiver in which he stated that he understood his rights and then made his first confession; that later the same day he was again advised of his rights and stated that he understood his rights. The defendant, in his brief, merely recites what *Miranda* stands for and alleges that he was deprived of his rights; he does not allege any facts, nor can we find any, which would make his confessions inadmissible. See, *People v. Parks* (1971), 48 Ill.2d 237-238.

■■■ The defendant next contends that the money which was recovered from him upon his arrest should not have been admitted into evidence. This contention is based upon the allegation that the money was not sufficiently identified. The law concerning the admissibility of the monetary proceeds of a robbery is that the currency:

"* * * is admissible if there are sufficient facts to connect it to the crime in question. It is then for the jury to determine as a question of fact, the identity of the money." *People v. Smith* (1965), 63 Ill.App. 2d 369, 378. See also, *The People v. Weaver*, 18 Ill.2d 108, 113.

The evidence was that forty to sixty dollars in change was taken from the cash register and that between thirty-five and forty dollars was taken from Sarantou and Dixon; that over eight dollars in change (some of it in rolls) along with approximately fifteen dollars in bills was found in a paper bag in the defendant's possession; that Dixon's coin purse was also found on the defendant's person. These are sufficient connecting facts to admit the money and it was for the trier of fact to determine the weight which should be given to this evidence. (*People v. Smith*, 63 Ill.App.2d at 378-79.) The defendant relies upon *People v. Smith* (1962), 25 Ill.2d 428, for the proposition that the money should not have been admitted. However, that case was decided upon the fact that possession of the money by the defendant was not sufficiently proven. There is no question as to possession in the case at bar.

■■ The defendant also contends that there was a fatal variance between the allegations and the proof in that there was no proof that the money was taken had value or was legal money. Again, this court has already considered this contention and found it to be without merit. *People v. Smith* (1966), 66 Ill.App.2d 257, 265; *People v. Smith* (1965), 63 Ill.App.2d 369, 382.

■■ The defendant next contends that there was no proof of the corpus delecti and that the evidence is insufficient to sustain the conviction. We cannot agree. After reviewing the uncontroverted evidence, the inescapable conclusion is that an armed robbery was committed by the

defendant. The evidence clearly shows: that the defendant and his partner took the victims' money including many coins at gun point and at knife point; that both victims identified the defendant in court as the man who held the gun; that the police found the defendant running in the area where the crime occurred; that the police found the gun used in the robbery at the defendant's feet; that they also found in defendant's possession a paper bag containing much change; that the green change purse stolen from one of the victims was in defendant's possession; that after being advised of his rights the defendant confessed twice to the crime. Each element of the offense and the defendant's guilt were both proven beyond a reasonable doubt. See *People v. Smith* (1966), 66 Ill.App.2d 257, 265-66.

■■   The defendant's most novel argument is that he had terminated his efforts and was no longer legally accountable for the crime since he was the one who suggested that the parties leave the store. This argument is based upon section 5—2(c)(3) of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, par. 5—2(c)(3)) which provides that a person who has aided and abetted in the commission of a crime can be released from liability by terminating his efforts *prior to commission of the offense*. (Emphasis added). The defendant's contention is completely unpalatable in that at the time that defendant said "Let's go" all necessary elements of the crime had been completed.

■■   The defendant's final argument is that he should have been released on probation, or in the alternative, the sentence was excessive and should be reduced. This contention is based on the fact that the defendant had never been convicted of a prior felony.

"\* \* \*   While we have the power to reduce the sentence, we cannot overlook the fact that the trial judge saw the defendant and heard all of the testimony. He is in a better position to appraise the situation and determine which sentence will best serve the interests of society. Therefore, we should not intercede, absent a clear and substantial ground." *People v. Shockey, supra,* 251.

The trial judge was greatly concerned with the fact that the crime was committed at gun point and that in his confession the defendant indicated a total disregard for the rights of others. In this instance we cannot find that the trial judge abused his discretion.

Finding no error, we must affirm the decision of the trial court.

Judgment affirmed.

GUILD and SEIDENFELD, JJ., concur.