THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK MORGAN *et al.*, Defendants-Appellants.

(No. 57471;

First District (2nd Division)—August 7, 1973.

James J. Doherty, Public Defender, of Chicago, (Powers McGuire, Assistant Public Defender, of counsel,) for appellants.

Bernard Carey, State's Attorney, of Chicago, (Barry Elden, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Within the space of one evening the two 17-year-old defendants committed acts which resulted in three separate indictments charging them with murder and numerous counts of armed robbery and burglary. The defendants, after a jury trial, in the instant case, were found guilty of the armed robbery of Michael Kroll as charged in one of the indictments. Each defendant was sentenced to a term of not less than 10 nor more than 20 years, said sentences to be consecutive to the sentences imposed on the other two indictments and discussed later in this opinion. The defendants appeal contending they have been punished for exercising their right to a jury trial, and that the sentences imposed were consecutive and excessive.

During a plea bargaining session conducted prior to the instant trial, the State recommended that the court impose the statutory minimum sentence of two years in prison "if in fact [the defendants] were guilty and pleaded guilty to this indictment." The prosecutor further proposed that the sentence run concurrently with the concurrent sentences previously imposed on the defendants. The trial court refused to accept a guilty plea when defendant Morgan declared that, although he was not guilty, he would plead guilty simply "to make it easier on myself." The trial court stated it would not accept a plea of guilty when a defendant claimed innocence and thereupon directed that the case proceed to trial.

The testimony at trial revealed that during a two hour period, the defendants, armed with revolvers, took the complainant's wallet plus his credit cards and some one hundred fifty dollars in cash, foreign coins worth approximately $20.00, a television set, and various high fidelity equipment; cut the complainant behind the neck with a knife; forced the complainant to disrobe and get into the bathtub; and then left the apartment after gagging the complainant.

The conduct of the trial was temporarily interrupted when defendant McCalvin, during the testimony of a witness, hurled one of his shoes at the court and the other at the jury. Both defendants then voiced their displeasure at the proceedings in obscene terms audible to the jury. No

defense was presented by either defendant. The jury subsequently returned a verdict of guilty as to each defendant.

At the hearing in mitigation and aggravation, the prosecution recommended a sentence of not less than 10 nor more than 20 years; counsel for defendants informed the court that, prior to the time the present offenses were committed, defendant McCalvin had no criminal record and defendant Morgan was on probation for a conviction of armed robbery. In sentencing the defendants, the trial court stated he was considering the facts tendered both in aggravation and mitigation and sentenced each defendant to not less than 10 nor more than 20 years; that said sentences were to be consecutive to the sentences imposed by Judge Philip Romiti in two previously tried indictments.

It is now contended that, since the sentence levied by the trial court as to each defendant, after a jury trial, was much more stringent than that offered by the State in the exchange for a plea of guilty, they were punished for exercising their right to a jury trial.

■■ The Illinois Supreme Court has recognized that "[A] defendant in a criminal case should not be punished by a heavy sentence merely because he exercises his constitutional right to be tried before an impartial judge or jury." (*People v. Moriarty* (1962), 25 Ill.2d 565, 567, 185 N.E.2d 688.) In *Moriarty,* the trial judge sentenced the defendant to a term of 10 years to life in the penitentiary after a jury found him guilty rather than the one year to life sentence which the court had indicated would be imposed upon a plea of guilty. The trial court, in *Moriarty,* stated unequivocally that, by levying the heavier sentence, it intended to penalize defendant's election to be tried by a jury rather than plead guilty. Making particular note of these comments, the supreme court reversed the judgment and remanded the cause.

■■ The record in the instant case is devoid of any comment by the judge tending to indicate any "pique" at having to proceed with a jury trial. On the contrary, the prospective jurors were seated and prepared for selection when, on defendants' motion, the plea bargaining session took place. During the plea bargaining session the trial court made a proper effort to inform the defendants that their plea must be knowing and voluntary. Particularly significant is the fact that, while defendant Morgan was willing to forego a jury trial by pleading guilty when he felt he was innocent, the court itself insisted it would not accept a guilty plea when defendant Morgan claimed he was in fact not guilty.[1] From

---

[1] It is well established that a court is not obliged to accept a plea of guilty and may reject such a plea in the exercise of sound judicial discretion. (*Santobello v. New York* (1971), 404 U.S. 257, 30 L.Ed.2d 427, 92 S.Ct. 495; *Lynch v. Overholser* (1962), 369 U.S. 705, 8 L.Ed.2d 211, 82 S.Ct. 1063.)

our review of the record we find absolutely nothing to support defendants' contention that the disparity between the sentence bargained for and the one imposed was due to "the trial judge's and the prosecutor's pique at being put to the trouble of a jury trial."

Defendants next protest that the imposition of consecutive sentences was excessive and request this court to reduce their sentences to a term of not less than two years to run concurrently with the sentences imposed pursuant to the previous convictions.

In order to understand and evaluate defendants' theory, a brief recitation of the record is necessary. Three indictments were returned, by the Cook County Grand Jury, in which defendants Morgan and McCalvin were charged with offenses occurring on April 11, 1970. The case at bar involved victim Michael Kroll and was identified in the trial court as 70-1185; indictment no. 70-1186 involved victims Donald and Susan Hamilton; indictment no. 70-1187 involved victims Hobart Scott, Daniel Libretti, Richard Juschel, J. D. Lee, and Gilbert Law. All indictments were originally assigned to Judge Philip Romiti, before whom cases 70-1186 and 70-1187 were tried. After a finding of guilty judge Romiti imposed the following concurrent sentences:

## Defendant

| Indictment | Frank Morgan | Walter McCalvin |
| --- | --- | --- |
| 70-1186 | Burglary, 5 to 15 years | Burglary, 5 to 15 years |
| | Armed Robbery of Donald Hamilton, 15 to 30 years | Armed Robbery of Donald Hamilton, 15 to 30 years |
| | Armed Robbery of Susan Hamilton, 15 to 30 years | Armed Robbery of Susan Hamilton, 15 to 30 years |
| 70-1187 | Murder of Hobart Scott, 100 to 199 years | Murder of Hobart Scott, 100 to 199 years |
| | Armed Robbery of Daniel Libretti, 20 to 60 years | Armed Robbery of Daniel Libretti, 20 to 60 years |
| | Armed Robbery of Richard Juschel, 20 to 60 years | Armed Robbery of Richard Juschel, 20 to 60 years |
| | Armed Robbery of J. D. Lee, 20 to 60 years | Armed Robbery of J. D. Lee, 20 to 60 years |

Armed Robbery of Gilbert
Law, 20 to 60 years

Armed Robbery of Gilbert Law, 20 to 60 years

After the aforesaid sentences were imposed, the defendants filed motions for a substitution of judge, whereupon the instant case was assigned to Judge Richard J. Fitzgerald.

■■ Except for the fact the acts took place on the same date, there is nothing in the record of this case to establish that the series of offenses for which these defendants were convicted and sentenced were committed as a part of a single course of conduct. On the contrary, each case involved different victims and the place of the occurrence of the case at bar differed from that of the other two indictments.

■■ Once a defendant has been convicted of two or more offenses which do not result from the same conduct, the trial court may in its discretion impose consecutive sentences on him (Ill. Rev. Stat. 1971, ch. 38, par. 1—7(m)[2].) Defendants do not deny that the trial judge had the authority to impose consecutive sentences upon them but contend that he did so arbitrarily.

Defendants contend that, in light of their youth and lack of prior criminal records, the trial court's imposition of consecutive sentences was excessive. Defendants also argue the consecutive sentences will delay the defendants' consideration for parole.

■■ While a reviewing court may reduce the punishment imposed by the trial court (Ill. Rev. Stat. 1971, ch. 110A, par. 615(b)(4)), the Illinois Supreme Court in discussing this power stated:

> "* * * such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals." (*People v. Taylor* (1965), 33 Ill.2d 417, 424, 211 N.E.2d 673; accord, *People v. Caldwell* (1968), 39 Ill.2d 346, 236 N.E.2d 706.)

Additionally, it has been stated that a reviewing court should not reduce a sentence without substantial reason for doing so. *People v. Cassman* (1972), 7 Ill.App.3d 786, 288 N.E.2d 667; *People v. Ledferd* (1968), 94

---

[2] We are also satisfied the consecutive sentences imposed comply with Ill. Rev. Stat., ch. 38, par. 1005—8—4, effective January 1, 1973.

Ill.App.2d 74, 236 N.E.2d 19; *People v. Shockey* (1966), 66 Ill.App.2d 245, 213 N.E.2d 107.

■■ Thus, the power of this court to reduce the defendants' sentences is limited. In light of all the facts of this case before the trial court, we believe the trial court's sentences were not excessive. Thus, without a substantial reason for reducing the defendants' sentences, this court will not invade the discretion of the trial court. The judgment of the circuit court of Cook County as to each defendant is accordingly affirmed.

Judgment affirmed.

STAMOS, P. J., and HAYES, J., concur.