(No. 36740.—■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs*. RAYMOND LEWIS, Plaintiff in Error.

*Opinion filed May 20, 1964.*

DONALD W. FORD, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JOHN J. O'TOOLE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Raymond Lewis, after waiving a jury, was tried by the criminal court of Cook County and found guilty of the unlawful sale and possession of narcotics, for which crime he was sentenced to the penitentiary for a term of 10 to 15 years. By this writ of error, which was taken under advisement prior to January 1, 1964, he contends that he was not proved guilty beyond a reasonable doubt, and that the court erred in permitting proof of other offenses committed subsequent to the crime for which he was tried.

The indictment returned against defendant charged him with the sale and possession of narcotics on April 30, 1959, and, at the trial, Federal narcotics agent Everett Leek testi-

fied that he had purchased narcotics from defendant on that date, while accompanied by an informer named Froman. According to Leek, he and the informer sought out defendant in a Chicago tavern where Leek represented that he wanted to purchase some narcotics and was told by defendant that he could arrange for such a purchase at a price of $120. The three men, Leek, Froman and defendant, then entered Froman's car and drove to another tavern. Federal agent Theodore Heisig, who remained in the background throughout the transaction, followed in another vehicle. Defendant left the second tavern for a short period, then returned and told Leek and Froman that he had the narcotics. Thereafter, they returned to Froman's car and, while they were riding, defendant gave Leek a cellophane bag containing a white powder. After this defendant left the car and Leek and Froman drove to a pre-arranged rendezvous with Heisig where the powder was field tested. Subsequent chemical analysis by a Federal chemist, who testified at the trial, established that the powder was heroin. Heisig testified at the trial and corroborated Leek to the extent his observations permitted. The informer did not appear or testify.

After relating the events of April 30, 1959, Leek, over the objections of defendant, testified to subsequent purchases of narcotics from defendant on May 7, May 27, and June 2, 1959, and also told the details of defendant's arrest on the latter date. Heisig, whose participation consisted largely of surveillance in all instances, was also permitted to testify to the subsequent sales, as was the chemist, the latter testifying that heroin had been purchased on each occasion.

The defense testimony consisted solely of defendant's denial of sales of narcotics to Leek on April 30, May 7 and June 2, 1959, and his outright admission of a sale to Leek on May 27, 1959.

Defendant's contention that he was not proved guilty

beyond a reasonable doubt rests upon two grounds. First, that the failure of the People to call the informer as a witness gives rise to an inference that his testimony would have been unfavorable to the prosecution and, second, that defendant's testimony denying the crime of April 30, 1959, should have prevailed over that of agent Leek. On the record of this case, we do not find that either point is well taken.

*People* v. *Strong,* 21 Ill.2d 320, upon which the first claim is based, involved a completely different factual situation. There the defendant Strong testified that he had been supplied with the narcotics in question by a government informer, and since it was only the informer who could meet or refute such testimony it was our holding that the failure to call him as a witness could give rise to an inference against the State. Here there is no parallel or analogous circumstance. There is no obligation on the People to call an informer as a witness, and the strength of any adverse inference flowing from his failure to do so is to be determined by the trier of the facts. In this case the inference did not require a finding of not guilty. *Cf. People* v. *Morrison,* 23 Ill.2d 201; *People* v. *Aldridge,* 19 Ill.2d 176.

In contending that his denial of the crime should be accepted as true, defendant rationalizes that his frank admission to a sale of narcotics on May 27 gives credibility to his denial of a sale on April 30, and that the testimony of the agent Leek must be treated with suspicion because "his sole function is to eradicate the traffic in narcotics." Such reasoning admits, as it must, that the evidence of the prosecution, if believed by the trial court, was sufficient to sustain the conviction, and presents only an issue of the credibility of the opposing witnesses and the weight to be given their testimony. Where, as in the present case, there is no jury, it is the function of the trial judge to determine the credibility of witnesses and the weight to be accorded their testimony and, on review, we will not set aside a conviction which

rests on such matters unless it is necessary to prevent an injustice. (*People* v. *Carr, 22* Ill.2d 619; *People* v. *Mercado, 26* Ill.2d 244.) No such necessity arises here. The trial court was well aware of the conflicting interests and motives of the defendant and Leek and, what is more, Leek was partially corroborated by agent Heisig. *Cf. People* v. *Guido, 25* Ill.2d 204.

Relying upon the general rule that evidence showing an accused to have committed another or other offenses, wholly independent of and disconnected from the crime for which he is being tried, is not admissible, (*People* v. *Donaldson,* 8 Ill.2d 510; *People* v. *Deal,* 357 Ill. 634,) defendant next contends that the admission of evidence relating to the three subsequent sales of narcotics to Leek was prejudicial error which requires reversal of his conviction. Although evidence of other offenses is ordinarily inadmissible, a recognized exception to the general rule exists where the evidence tends to aid in the identification of the accused as the person who committed the particular crime charged. *People* v. *Tranowski, 20* Ill.2d 11; *People* v. *Lehman, 5* Ill.2d 337.

Except for the factor that this was not a jury trial, the situation of the present case is undistinguishable from *People* v. *Lopez, 10* Ill.2d 237, where evidence of three other sales of marijuana was held to be material to identification and therefore admissible even though it also brought evidence of three other offenses to the jury's attention. Agent Leek, the principal witness for the prosecution and the one who actually purchased the narcotics, had never met or known defendant prior to April 30 and, as is not uncommon in narcotic investigations aimed at discovering suppliers on a higher level than the street peddler, there is the circumstance that defendant was not arrested until one month after the commission of the crime for which he was tried. Under these circumstances, it is our opinion that the testimony as to the subsequent meetings and transactions with defendant was material to the matter of his identifica-

tion and to the ability of Leek and Heisig to make such identification. (*Cf. People* v. *Reed,* 21 Ill.2d 416.) And since there was no jury here, it is to be presumed that the trial judge considered such evidence only for the purpose for which it was competent. *People* v. *Cox,* 22 Ill.2d 534; *People* v. *Lacey,* 24 Ill.2d 607.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*