(No. 41269.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* SANTIAGO O. GONZALES, Appellant.

*Opinion filed September 26, 1969.*

EDWARD B. MILLER and MICHAEL A. WARNER, both of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE, and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County dismissing defendant's post-conviction petition on motion. In 1959 defendant was convicted of murder in a jury trial and sentenced to 199 years imprisonment. By court-appointed counsel, he appealed directly to this court. While that appeal was pending, petitioner, by retained counsel, filed a post-conviction petition wherein he charged that the admission of his confessions into evidence deprived him of the constitutional right to due process and that the court failed to afford him effective legal representation. The State's motion to dismiss was addressed to the timeliness of the filing of the petition and to the failure to raise any constitutional issues, and alleged that the trial record, which was made part of the petition, disclosed that his legal representation was adequate, and that *Escobedo* v. *Illinois* (1964), 378 U.S. 478, 12 L. Ed. 2d 977; 84 S. Ct. 1758, and *Miranda* v. *Arizona* (1966), 384 U.S. 438, 16 L. Ed. 2d 694, 86 S. Ct. 1602, were not applicable. Upon hearing of the motion and examination of the record, the court dismissed the petition. This appeal followed.

During the pendency of this matter we rendered an opinion in defendant's direct appeal wherein he raised the issues "that his constitutional right to counsel was impaired; that his motion to suppress statements was erroneously denied; that a shotgun was improperly admitted into evidence; that the trial court erroneously refused to give the jury an instruction on manslaughter; and that the closing argument of the prosecutor contained inflammatory and prejudicial

remarks." (40 Ill.2d 233 at 234-235.) We held that "despite the fact that defendant has mentioned no specific examples of incompetency, we have reviewed the record and conclude that defendant was adequately and fully represented by counsel. In the absence of any showing of incompetency, we cannot agree that the mere inexperience of his privately retained counsel resulted in prejudice to the defendant." (40 Ill.2d at 238.) We also held: "the testimony clearly indicates that the confessions were voluntary and not the result of any deprivation of defendant's rights, and the defendant's arguments to the contrary are without merit." 40 Ill.2d at 238.) We hold that our decision in *People* v. *Gonzales,* 40 Ill.2d 233, is dispositive of petitioner's claims in these proceedings.

Although not an issue raised by the pleadings here, petitioner in this appeal injects the charge that it was the duty of the court to require the State to produce a priest who was present when Gonzales confessed to the crime. This issue was not specifically decided in petitioner's prior appeal. However, the record discloses that the priest was in Spain and unavailable at the time of the original trial. It has been held that all material witnesses connected with the controverted confession must be produced or their absence explained. (*People* v. *Wright,* 24 Ill.2d 88, and cases cited therein.) Examination of the record before us, indicates that the absence of the priest at the hearing was adequately explained.

We therefore consider the dismissal of Gonzales's postconviction petition as warranted in light of our prior opinion. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*