THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL BATTLE, Defendant-Appellant.

(Nos. 71-92, 71-104, cons.;

Fifth District—February 3, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Joseph B. McDonnell, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The Defendant, Michael Battle, was tried by jury in the Circuit Court of St. Clair County on two separate indictments charging him with the crimes of armed robbery. He was found guilty on each charge. On the first indictment, Defendant was sentenced to the penitentiary for a term of not less than eight nor more than 15 years, and on the second to a term of not less than 15 nor more than 20 years, to run concurrently. He has appealed from each judgment and the appeals have been consolidated.

■■■ On Indictment 70-1770, which was the first tried, Defendant claims that he was prejudiced by the admission of evidence of other crimes. The victim of the robbery testified concerning the circumstances of the robbery which was the subject matter of this indictment and identified the Defendant, stating that the first time he had seen him was at the scene of the robbery, but that he saw him again on three subsequent occasions. When asked what the Defendant did on these subsequent occasions the witness said, "He held me up." Defendant counsel moved for a mistrial but the record does not show any ruling on that

motion. On appeal Defendant recognizes that evidence of other offenses may be admissible as an exception to the general rule where such evidence tends to establish identity or a common scheme or design. It is his claim, however, that only evidence of offenses prior to the crime for which he is on trial is admissible and that evidence of subsequent offenses is not. We find no legal or logical basis for this distinction. The Supreme Court considered this contention in *People v. Lehman,* 5 Ill.2d 337, where evidence of conduct almost two months after the offense for which defendant was on trial was admitted. The court noted that there might be a distinction between a prior and a subsequent offense where the subject at issue is one of knowledge or intent, but not where the question is whether defendant's conduct evidenced a plan to commit a particular offense. The evidence here of four armed robberies of the same driver is a classic example of the "scheme or design" exception and was also relevant on the issue of identity. (*People v. Lewis,* 30 Ill.2d 617, 621.) As a part of the same argument Defendant contends that he was prejudiced by testimony of a police officer that the police had received information on several armed robberies and that the Defendant fit the description of the robber in those cases. No objection was made to this testimony and we are, therefore, of the opinion that Defendant's claim of prejudice cannot be sustained.

■■■ On Indictment No. 70-1772 it is argued that Defendant was prejudiced by reason of the refusal of the trial court to order the production of a police report allegedly bearing on the issue of Defendant's identification by the victim. At the close of the cross-examination of a police officer, counsel asked if he could see a copy of the offense report. There is no showing that this was a report prepared by the officer on the stand. We find no direct testimony as to who prepared this report but a strong inference from the record indicates that it was not the officer testifying. The court sustained an objection and counsel asked whether there was a description of the robber in the report. An objection to this question was sustained. In *People v. Dennis,* 47 Ill.2d 120, the court held that it is incumbent upon the defense to establish as a prerequisite of the production of a possibly impeaching statement that it is rendered in "the witness's own words or substantially verbatim." In that case the court pointed out that the defense could have requested the court to conduct a hearing outside the presence of the jury for the purpose of securing the testimony of the officer who made the report and that having failed to establish that the report contained a statement of the complaining witness in his own words, or substantially verbatim, defendant was not entitled to its production. Defense counsel in the present case failed to establish a proper foundation for the production of the report

and his claim of prejudice cannot be sustained. Furthermore, it appears that counsel inspected this report at the hearing on the motion to suppress and the record shows that in the cross-examination of another officer, defense counsel brought out the description which the complaining witness had given the police. The refusal to order the production of the report was not, in these circumstances, prejudicial error.

■■ In each appeal Defendant claims that his confession should not have been admitted because of contradiction in the testimony of the police officers. In each case a hearing was held out of the presence of the jury on Defendant's motion to suppress his confession. Defendant testified that he signed the confessions because he had been told that if he "cleaned up some robberies" by signing several confessions he would be prosecuted on only one charge and that he would receive a light sentence. His testimony was denied by the police officers. During the trial on Indictment No. 70-1770 one officer testified that interrogation of Defendant began about 20 minutes after his arrest early in the afternoon and that several confessions were made. At the trial on Indictment No. 70-1772 another officer testified that the arrest occurred about noon but that questioning did not start until around 7:00 P.M. At the hearing on the motion to suppress on Indictment No. 70-1772, a police officer testified that he had told Defendant that he had been identified during a line-up. At the jury trial he testified that Defendant had not been told that he was identified, and testified that he could not remember testifying differently at the hearing on the motion. The issue of the admissibility of the confessions was whether they were voluntary and the question of whether the officers had promised leniency was the crucial question. Discrepancies as to the time the confessions were made or whether Defendant was told that he had been identified involve collateral issues not directly bearing on the question of whether the confessions were voluntary. The trial judge apparently believed the testimony of the officers that no promises had been made and we will not disturb his findings.

■■ Defendant's final claim is that the sentences are excessive. We agree. Defendant was 21 years of age and prior to his conviction on the first charge had no previous criminal record. While there are two convictions involved here, we feel that in order to afford a possibility for rehabilitation, Defendant should be considered as similar to a first offender. The judgments of conviction are affirmed and the sentences on each charge are reduced to a term of not less than five nor more than 15 years, to run concurrently.

Judgments modified and affirmed as modified.

EBERSPACHER, P. J., and G. MORAN, J., concur.