THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD CEBULSKE, Defendant-Appellant.

(No. 71-170;

Fifth District—September 13, 1972.

*Rehearing denied October 17, 1972.*

Kenneth L. Jones, of Defender Project, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant entered a plea of guilty to three charges in two indictments —one charging a burglary committed December 23, 1970, the other charging separate counts of burglary and theft over $150 committed December 15, 1970. At the hearing on defendant's application for probation the trial court stated that it could find no mitigating circumstances which would justify placing defendant on probation. He was sentenced to concurrent terms of two to five years imprisonment on each charge.

The probation officer's report stated that Cebulske, then 19 years of age, had completed the twelfth grade of high school in June, 1970, but lacked two credits for his diploma. He had been continuously employed from March, 1969 to July, 1970, and had lost a later job after two months when his employer went out of business. At the time of the offenses, he was unemployed and living with his parents. The report also indicated no juvenile records; however, reference was made to an October, 1970 arrest on suspicion of burglary, on which no charges were filed. There was also reference to Cebulske's statements and those of a co-defendant made to the St. Clair County Sheriff's Office in the course of the investigation of the charge on which he was indicted, admitting participation in six other burglaries within the same 30 day period. A report from the Belleville Police Department, also submitted at the probation hearing, declared that Cebulske and the same co-defendant had admitted commission of twelve burglaries or attempted burglaries in the preceding five months.

In summarizing his report, the probation officer stated:

"Richard Cebulske has been a life long resident of Belleville and

has a very respectable parents. Prior to his association with the co-defendant he has had no prior record. However, once the fever of burglary entered into his pattern of life, he caused the Belleville police and St. Clair County Sheriff's Office much consternation in a wave of burglaries that were perpetrated between November and the date of the filing of these reports. We are of the opinion that due to the fine family background of this young man and with the co-operation that we, in the Probation Office, can expect from the parents, Richard could possibly be taken out of this criminal pattern in which he became involved and if a good position was available for him to work regularly and he would disassociate himself with the type of people that brought about this wave of burglaries, we feel that rehabilitation of this young man might be accomplished. However, we refrain from making any recommendation and rely upon the wisdom of the Court."

The co-defendants mentioned in this report were two younger friends of Cebulske, both of whom were co-defendants in the one-count burglary charge, one of whom was a co-defendant in the charge of burglary and theft over $150, and one of whom was also involved in the incidents reported by the Belleville police and St. Clair County Sheriff's Department.

The defendant had been served with a copy of the probation report. He and his parents were present at the hearing on probation and were given opportunity to object, but no objection was made to any of the materials presented. Defendant declined to offer further testimony and waived hearing in mitigation.

Defendant's major contention is that the trial court should have granted probation. To this end, he also urges that his lack of prior convictions and the circumstances surrounding these offenses should entitle him to consideration as a first offender for purposes of considering the appropriateness of the sentence imposed.

■■ Prescience is not required of the sentencing judge; events occurring subsequent to imposition of sentence, even though possibly indicative of the defendant's amenability to rehabilitation, have no bearing on the propriety of the sentence. We must look to the situation which presented itself to the trial court at the time of sentencing; in the absence of an indication of abuse of discretion in view of that situation, we may not disturb the denial of probation.

This Court subscribes to the principles set forth in the Standards Relating to Probation promulgated by the Advisory Committee of the American Bar Association on Sentencing and Review, insofar as these

principles are compatible with the law of Illinois. The appellant here cites *People v. Battle*, 3 Ill.App.3d 820, 279 N.E.2d 165, as supporting his contention that he should be accorded treatment as a first offender. In *Battle*, the defendant was tried and convicted of two counts of armed robbery involving the same victim on separate occasions. The trial court sentenced him to eight to fifteen years on the first count and fifteen to twenty years on the second count, sentences to run concurrently. This Court found those sentences to be excessive, saying:

> "Defendant was 21 years of age and prior to his conviction on the first charge had no previous criminal record. While there are two convictions involved here, we feel that in order to afford a possibility for rehabilitation, defendant should be considered as similar to a first offender. The judgments of conviction are affirmed and the sentences on each charge are reduced to a term of not less than five nor more than 15 years to run concurrently." 3 Ill.App.3d at 823.

■■ The situation in the case of Cebulske, as it was presented to the trial court, is distinguishable in several aspects from the cases cited by appellant. The court below could properly consider the material included in the probation report which indicated that the defendant had admitted participation in numerous other burglaries. The nature of the offense and the circumstances surrounding this case did not present a situation in which the possibility of future offenses had been removed by a subsequent event. Under the circumstances here present, we cannot say that there was an abuse of discretion in denying probation, nor in imposing minimum sentences of two years to run concurrently. For these reasons we affirm.

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.