THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TYRONE WALTON, Defendant-Appellant.

Fourth District   No. 13689

Opinion filed May 2, 1977.

James Geis, Brenda E. Richey and Mark Rotert, all of State Appellate Defender's Office, of Chicago, for appellant.

Ronald Dozier, State's Attorney, of Bloomington (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction of armed robbery entered upon a jury verdict. Sentence of 5 to 12 years to be served consecutively to a sentence in the State of Colorado was imposed.

Upon appeal it is argued that the testimony of an accomplice was insufficient to prove guilt beyond a reasonable doubt and that the court erred in permitting the State to introduce evidence of the admission of a "co-defendant" which implicated defendant. Upon this record defendant was neither jointly indicted nor tried with any other defendant.

As a market was closing at about 9 p.m. on May 6, 1974, three men forced the manager to unlock the door, displaying a gun. The manager, Frawley, and an employee, Dailey, were held while the men secured about $3000. The three intruders wore stocking masks and neither victim could identify other than that two men were black and one was white. The details of the robbery are not essential to the consideration of the issues.

The essential witness for the prosecution was one Donald Curtis. At the time of trial Curtis was serving a prison term for forgery under a work release program. At the time of his plea to forgery he was held under indictment for other counts of forgery, three counts of armed robbery, including the robbery at issue here, and he had pleaded guilty to a charge of theft over $150. During the time that Curtis was in jail, a detective had sought his assistance in convicting one Anthony, also known in this record as Manns. While Curtis agreed to do so he participated in a robbery with Anthony without disclosing the target. The jury was advised concerning the many questions of Curtis' credibility.

Curtis testified that on the evening preceding the robbery, he was with Anthony and the defendant and at Anthony's suggestion undertook and carried out the robbery. His testimony as to the details in the effecting of the robbery was corroborated without any significant contradictions by Frawley and Dailey.

Upon the issue of proof beyond a reasonable doubt, defendant argues that the testimony of Curtis is unbelievable and that the testimony of an accomplice must be viewed with suspicion and caution in the light of the other evidence as the jury was here instructed.

A conviction may be sustained upon the testimony of an accomplice which is uncorroborated if it satisfies a jury beyond a reasonable doubt. *People v. Hansen* (1963), 28 Ill. 2d 322, 192 N.E.2d 359, *cert. denied* (1964), 376 U.S. 910, 11 L. Ed. 2d 608, 84 S. Ct. 665; *People v. Bolton* (1976), 35 Ill. App. 3d 965, 343 N.E.2d 190, *appeal denied* (1976), 63 Ill. 2d 558.

■■ Here, the testimony of Curtis upon the events of the robbery was not contradicted or impeached by other evidence and such evidence as there is in the record corroborates the testimony. The evidence of defendant's guilt is not so improbable and unsatisfactory as to leave a reasonable doubt. *People v. Curry* (1973), 56 Ill. 2d 162, 306 N.E.2d 292.

Curtis also testified that following the robbery *he* (the defendant) and Anthony, divided the stolen money and drove to Peoria where they had drinks at a specified bar and spent the night at a described motel and that the next morning they purchased clothing before returning to Bloomington.

The three met again during the evening and arranged to meet three women whom they invited to go to Peoria. Curtis testified that at the apartment of Betty Hamilton, Anthony told Joyce Gibson that "we" had pulled an armed robbery, had gotten a lot of money and wanted to go to Peoria for a good time. The court sustained defendant's objection, ordering the testimony stricken and stated, "The jury may not consider it." He further testified that as the men and women were leaving Bloomington they were stopped on the street by the police, that the men had some of the money which had been taken and two handguns which were given to Gladys Stovall to place in her purse.

Gladys Stovall testified to going to Peoria on the evening of May 7 with defendants, Walton and Curtis, together with Betty Hamilton and Joyce Gibson. She testified to the fact that the car was stopped by the police but that the members of the party were not searched. The witness was asked concerning a conversation about the market which had been robbed while all were in the car. Her general answers were objected to and ordered stricken successively. After refreshing her recollection from a statement, the witness stated "Tyrone Manns [Anthony] said *he* had robbed the market."

Betty Hamilton also testified for the prosecution concerning the group going to Peoria and corroborated the testimony of Curtis that the car was stopped by the police. She stated that as the police car was approaching Curtis and Anthony directed Stovall to put the guns into her purse. After

stating that she could not recall the conversation in the car, the witness refreshed her recollection from a statement and then testified that Curtis had stated that "they" had robbed the market. Defendant's objection was sustained.

In oral argument the State's Attorney referred to the conversation in the automobile concerning the statement, "We pulled an armed robbery." The court interrupted to say:

> "Mr. State's Attorney, the Court is going to instruct the Jury that your last argument is not a proper argument of his failure to respond to the conversation, that that evidence has been introduced for the purpose of showing that the parties were together at that particular time in the vehicle, not for the purpose of showing they both committed the offense, based on admission."

Defendant argues that under the rule of *Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620, the court's rulings sustaining the objections and limiting the evidence must be treated as ineffective to protect the defendant against prejudice so that the judgment must be reversed. In *Bruton*, the oral confession of Evans who was jointly tried with defendant implicated the latter. While the opinion does not disclose the other evidence by the prosecution, it noted that Evans' confession, "added substantial, perhaps even critical weight to the government's case." (391 U.S. 123, 128, 20 L. Ed. 2d 476, 480.) Evans did not testify and so was not cross-examined. The court held that the trial court's admonition to the jury to treat Evans' confession as evidence against Evans only could not and did not adequately protect *Bruton*.

It appears that as the testimony developed during the trial, the testimony concerning the statement allegedly made by Anthony in the automobile might have been admissible under certain exceptions to the hearsay rule. *People v. Simpson* (1976), 39 Ill. App. 3d 318, 349 N.E.2d 441 McCormick, Evidence § 270 (2d ed. 1972).

In specific terms, *Bruton* speaks to a substantially different issue than that argued here. The opinion deals with testimony which is admitted into evidence as relevant to one defendant but inadmissible hearsay as to another, and the admonition by the court requires the jury to treat the evidence so admitted in a different way as between the separate defendants. Here, the testimony, which is argued to be prejudicial, was ordered stricken and the jury admonished to disregard it in its entirety. The jury was not called upon to consider testimony which was admitted before them as to one defendant with the requirement that they disregard it as to another. Compare *Paoli v. United States* (1957), 352 U.S. 232, 1 L. Ed. 2d 278, 77 S. Ct. 294.

■■ The facts here are clearly distinguished in that the accomplice, Curtis, testified and was cross-examined without limitation. Thus, the

testimony of Betty Hamilton, here objected to, that while travelling to Peoria in the car Curtis said that "they" had robbed the market does not come within the rule of *Bruton* concerning the constitutional right of confrontation. *Nelson v. O'Neil* (1971), 402 U.S. 622, 29 L. Ed. 2d 222, 91 S. Ct. 1723, points out that the constitutional right of confrontation and the evidentiary rule of hearsay do not necessarily coincide. The court there said:

> "The Constitution as construed in *Bruton* in other words, is violated *only* where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for 'full and effective' cross-examination." (402 U.S. 622, 627, 29 L. Ed. 2d 222, 227.)

In *Nelson*, and in *California v. Green* (1970), 399 U.S. 149, 26 L. Ed. 2d 489, 90 S. Ct. 1930, it was held that a statement implicating the defendant made to a police officer by a co-defendant was not admitted in violation of *Bruton* where the latter declarant was present at trial, testified and was available for cross-examination.

■■ Again, the sum of the admitted testimony of the witness, Stovall, was that on that trip Anthony said that *he* had robbed the market did not implicate the defendant. While such testimony is not relevant to this trial, it should not constitute reversible error because of prejudice to defendant, for it cannot be said that the conviction resulted from such error. *People v. Delgado* (1975), 30 Ill. App. 3d 890, 333 N.E.2d 633.

Upon this record the stricken testimony of Stovall and Betty Hamilton that it was said that "we" or "they" committed the robbery is supplanted by the specific testimony as to the statements of Anthony and Curtis. We conclude that there is no reversible error under the rule of *Bruton*.

The defendant also cites *People v. Simpson* (1976), 39 Ill. App. 3d 318, 349 N.E.2d 441, *appeal denied* (1976), 63 Ill. 2d 561. That opinion examined testimony for the prosecution in the light of asserted exceptions to the hearsay rule rather than as a matter of the confrontation of witnesses in *Bruton* and here. Upon such record, we cannot find that a reasonable doubt exists upon the question of defendant's guilt.

The judgment is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.