THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELENA JABLONSKIS, Defendant-Appellant.

Second District    No. 77-149

Opinion filed September 28, 1978.—Modified on denial of rehearing November 9, 1978.

Michael S. Welzien, of Lombard, and Walter P. Maksym, of Wheaton, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, and Phyllis J. Perko and William L. Browers, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

This could be called "The Case of the Missing Dux."

Defendant, Elena Jablonskis, was convicted by a jury of theft of under $150 for shoplifting two blouses from a Marshall Field & Co. store and was sentenced to 12 months' conditional discharge. Defendant's primary

contentions center on the failure of Ms. Gladys Dux, a former security guard at Fields, to testify at trial. Defendant argues that Dux's failure to appear and various rulings by the trial court concerning the significance of her absence have violated her rights to a fair trial, to due process and to equal protection. Defendant also raises three issues not connected with Dux: that the prosecution failed to show the corporate existence of Marshall Field & Co.; that the prosecution failed to prove defendant guilty beyond a reasonable doubt; and that the State's conduct during the trial was so prejudicial as to prevent a fair trial.

Defendant was arrested at the Marshall Field & Co. store at Oakbrook Mall, Oakbrook, Illinois on November 18, 1974. A complaint was signed by Gladys Dux, a security agent at this store, charging the defendant with the theft of two blouses. Prior to trial defendant moved to suppress certain evidence, including the blouses. At a hearing on the motion several witnesses, including Dux, testified and were cross-examined as to the events of November 18, 1974. The motion to suppress was denied.

At the outset of the trial, on August 24, 1976, the assistant state's attorney informed the court that Dux had moved to California and would, therefore, not appear at the trial. He then made a motion to have her pretrial testimony admitted into evidence. Defendant's attorney objected strenuously to the admission of the prior testimony of Dux. The trial court denied the prosecutor's motion, holding that being in California did not make the witness unavailable as a matter of law and, therefore, her prior testimony was not admissible as an exception to the hearsay rule. Subsequently defendant tried to have Dux's prior testimony admitted as part of her case, apparently in order to attempt to impeach the testimony of the State's other witnesses. Again the trial court refused to allow it in.

Three security guards of Marshall Field & Co., Rhoda Hajduk, Barbara Weinstein and Gladys Dux, were all present at all stages of the apprehension and investigation of the defendant. At the trial the State called two of the three as witnesses, Hajduk and Weinstein. Hajduk testified that on the date in question she saw the defendant select three blouses and then take them into a dressing room. She then saw the defendant leave the dressing room with only two blouses and put these two blouses back on the rack and walk out of the area. Weinstein testified that while she was not present when defendant entered the dressing room, she also saw the defendant leave the dressing room and hang up two blouses and then walk out of the area.

Both Hajduk and Weinstein testified that they, together with Dux, followed the defendant when she left the area. Dux stopped the defendant and asked her to come with them. Dux, defendant, Weinstein and Hajduk all went downstairs to the security office where defendant placed her shopping bag on the table. Dux reached into the shopping bag

and pulled out a blouse. Dux then asked the defendant where the other blouse was and defendant removed the blouse from inside the front of her pantyhose.

Hajduk further testified that she knew Marshall Field & Co. to be a corporation because she had seen a certified certificate of incorporation.

Defendant took the stand and contradicted the testimony of the two security guards, claiming that she had placed two blouses in the shopping bag to carry them to a saleslady to pay for them and that she had not concealed anything on her person.

Defendant raises four subissues based on the absence of Dux from the trial. First, she claims that the trial court should have permitted defendant to introduce Dux's testimony at the prior hearing. Second, she claims that Dux's presence was required for a fair trial. Third, she claims that if the trial could proceed without Dux the judge should have instructed the jury that, because of her absence, they should infer that her testimony would have been unfavorable to the prosecution. Fourth, she contends that her attorney should have been allowed to comment upon the absence of Dux in his closing argument to the jury.

■■ We consider first defendant's contention concerning the admissibility of Dux's prior testimony. We find that, by strongly objecting to the introduction of this same testimony by the prosecution, defendant waived any right to insist upon its introduction later in the trial. Nothing defendant has said convinces us that somehow the prior testimony could fall within an exception to the hearsay rule for the defense but not for the prosecution.

As to defendant's second and third contentions based on Dux, we hold that unless a nonappearing witness has some critical, unique knowledge or has been deliberately made unavailable to the State, the absence of such a witness has little legal significance.

The basic rule governing these contentions was set forth by the Illinois Supreme Court in *People v. Jones* (1964), 30 Ill. 2d 186, 190, 195 N.E.2d 698, 700, where the court stated:

> "The State is not obligated to produce every witness to a crime and the failure to produce a witness does not give rise to a presumption that the testimony of that witness would be unfavorable to the prosecution."

Defendant argues that this case falls within the exception to the *Jones* rule set forth in *People v. Wilson* (1962), 24 Ill. 2d 425, 182 N.E.2d 203. *Wilson* is not applicable here. In *Wilson* the Federal Government purposely sent the informer out of the State. There is no such evidence in this case. (See also *People v. Wright* (1963), 27 Ill. 2d 557, 190 N.E.2d 318.) Moreover, she was in Illinois well over a year after defendant's arrest, subject to subpoena.

■■ Several other cases have held that the State, innocent of any suppression, must choose between calling available witnesses and taking the risk of an unfavorable inference from the absence of those witnesses. (See, *e.g.*, *People v. Guido* (1962), 25 Ill. 2d 204, 184 N.E.2d 858; *People v. Gonzales* (1970), 125 Ill. App. 2d 225, 260 N.E.2d 234.) However, this inference is only permissible if the absent witness has some unique knowledge. As pointed out by the appellate court for the First District, in *People v. Williamson* (1966), 78 Ill. App. 2d 90, 97, 223 N.E.2d 453, 456:

> "The implicit first premise for the negative inference against the State is that the available witness must have such knowledge of the disputed event as to demand an explanation for his absence."

Dux did not seem to possess any unique knowledge critical to the defense. Both Hajduk and Weinstein were with Dux and the defendant until the defendant was found to have one blouse in her shopping bag and another hidden on her person. This is in direct contrast to *Wilson* and similar cases cited by defendant which involve allegations of entrapment by an informer who does not testify. Moreover, the cases in which a negative inference is allowed all involved situations where there was no satisfactory explanation for the absence of a witness. Here, Dux's absence has been explained. She had moved to California. In *People v. Gonzales* (1969), 43 Ill. 2d 110, 251 N.E.2d 169, the Supreme Court of Illinois dealt with this issue in a slightly different context. That case involved interpretation of the rule that those present at the time of a controverted confession must be produced at the trial or their absence explained. The court held that the fact that one of the witnesses was in Spain at the time of trial was an adequate explanation for his absence.

■■ Defendant is correct in that it was error for the trial court to deny her attorney the opportunity to comment upon Dux's absence in his closing argument to the jury. This is his right even where there is no inference that an absent witness' testimony would be unfavorable to the prosecution. (*People v. Scott* (1967), 38 Ill. 2d 302, 231 N.E.2d 441; *People v. Gonzales* (1970), 125 Ill. App. 2d 225, 260 N.E.2d 234.) In the instant case, however, this error was harmless. The jury was aware of the existence of Dux. Hajduk, Weinstein and the defendant herself all mentioned her in their testimony. Both counsel did, in fact, refer to her in their closing arguments. More significantly, it is difficult to imagine what defendant's attorney could have said about Dux in his argument that would have significantly helped his case. To allow defendant's counsel to engage in unsupported speculation as to what Dux would have said if present, or to make unsupported allegations as to the reason for her absence, would not have been proper. We find this to be harmless error in view of the facts of this case. Three witnesses were present at the apprehension and the

discovery of the blouses in the possession of the defendant. There is no indication that Dux's testimony would have been any different from that of the other two eye-witnesses at trial.

■ Defendant's contention that the prosecution has failed to show the corporate existence of Marshall Field & Co. is without merit. In *People v. McGuire* (1966), 35 Ill. 2d 219, 220 N.E.2d 447, the supreme court held that in the absence of evidence to the contrary, corporate existence could be shown by direct oral testimony. Subsequent to *McGuire* our court decided, in *People v. DeBartolo* (1975), 24 Ill. App. 3d 1000, 322 N.E.2d 251, that the testimony of a store security officer that, to the best of his knowledge, the store was a corporation was sufficient to prove corporate existence. In the instant case Hajduk testified that Marshall Field & Co. was a corporation. No evidence being introduced to the contrary, this was clearly sufficient under the ruling in *DeBartolo*.

Defendant contends that the State has failed to prove her guilty beyond a reasonable doubt. It is a well-settled rule of law that the verdict of a jury should not be set aside unless the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People v. Tate* (1976), 63 Ill. 2d 105, 345 N.E.2d 480.) An examination of the record shows that the State's evidence was more than sufficient for a jury to conclude defendant guilty beyond a reasonable doubt.

■ Defendant also contends that the conduct of the State during the trial prevented her from having a fair trial. Defendant alleges that specific comments made during the trial, numerous requests for sidebars, and certain comments made during closing argument were highly prejudicial. A trial is adversary proceeding. We have held that a prosecutor may, in closing argument, "reflect unfavorably on the defendant, denounce his wickedness, and even indulge in invective." (*People v. Delgado* (1975), 30 Ill. App. 3d 890, 897, 333 N.E.2d 633, 639.) In the instant case the alleged errors are, if errors at all, relatively minor and did not effect defendant's right to a fair trial. Our concern is not to determine whether prosecutors ever, during a particular trial, cross the thin line between proper aggressiveness and improper conduct. Rather, it is our duty to determine whether such comments are so prejudicial that the defendant did not have a fair trial and that, in the absence of these comments, the outcome of the trial would have been different. We do not so find.

For the reasons stated above, the judgment of the trial court is affirmed.

Affirmed.

NASH and RECHENMACHER, JJ., concur.