**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200089-U

Order filed February 18, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
|     Plaintiff-Appellee, | ) ) | |
|     v. | ) ) | Appeal No. 3-20-0089 Circuit No. 17-CF-347 |
| | ) | |
| BENNIE FORD, | ) ) | Honorable Thomas W. Cunnington, |
|     Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Hauptman and Lytton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's sentence is not excessive.

¶ 2    Defendant, Bennie Ford, appeals his sentence of three years' imprisonment for felony driving while his license was suspended. Defendant argues his sentence is excessive. We affirm.

¶ 3    I. BACKGROUND

¶ 4    The State charged defendant with felony driving while license suspended (625 ILCS 5/6-303(d-3) (West 2016)). The matter proceeded to a bench trial and the court found defendant guilty.

It set the matter for sentencing and advised defendant that "[t]his is, I believe, a Class 4 felony punishable from one to three years in the Department of Corrections [(DOC)]." Subsequently, defendant pled guilty in another case to felony driving while license suspended. During that plea hearing, the court admonished defendant that he was pleading guilty to a Class 4 felony, which carried a potential sentence of one to three years' imprisonment and the sentence would be mandatorily consecutive to the sentence in the instant case. The two cases proceeded to sentencing together.

¶ 5    At sentencing on November 25, 2019, defendant testified that he took care of his elderly aunt and uncle and that no one would take care of them if he could not. Defendant also stated he has posttraumatic stress from witnessing his friend get murdered in prison. The presentence investigation report indicated that in addition to multiple traffic infractions, defendant had a lengthy criminal history, which included convictions spanning from 1978 through 2013 for robbery, aggravated assault, battery, unlawful possession of a controlled substance, theft, murder, domestic battery, retail theft, and possession of a firearm by a felon. It also documented that defendant had hypertension, degenerative disc disease, hearing loss, diminished kidney functioning, anemia and hepatitis C. Defendant also made a statement to the court wherein he apologized and noted that his brother and sister recently died.

¶ 6    The State requested that the court sentence defendant to consecutive terms of five years' imprisonment on each conviction. Defense counsel argued that defendant's license was only currently suspended because defendant needed to pay the reinstatement fee and he could have his license returned. Counsel further argued that defendant had gone through a lot, having seen his friend killed in prison and recently having a brother and sister die. Additionally, counsel noted that defendant took care of his aunt and uncle. Counsel requested consecutive terms of one year of

2

imprisonment on each conviction. In response, the State noted defendant was convicted of two Class 4 felonies and those convictions followed his many other convictions.

¶ 7    The court stated that it considered the factors in aggravation and mitigation, defendant's statement in allocution and apology, what defendant went through with the deaths of his friend and siblings, the fact that he has taken care of elderly relatives, and his prior record. The court noted that anything other than a sentence to the DOC would deprecate the seriousness of the offense and that the sentence it was imposing was necessary to deter others. The court then told defendant "the most aggravating factor is your prior record." It noted his "long history of picking up criminal charges and continuing to disobey the laws of this state, whether for criminal reasons or for traffic reasons. The times when [defendant wasn't] committing the offenses, [he was] locked up either in state prison or federal prison." Last, the court stated that it "considered [defendant's] prior record as the determining aggravating factor for the sentence in this case." The court sentenced defendant to consecutive terms of three years' imprisonment on each of the two convictions.

¶ 8    Defendant filed a motion to reduce his sentence arguing that his license suspension was a statutory summary suspension and he cared for his elderly relatives. At the hearing on February 10, 2020, the court noted that it had given defendant's case "considerable thought at the time the sentence was imposed." The court had further considered the fact that he took care of his elderly relatives. The court felt the sentence was fair and reasonable in light of defendant's criminal history and in light of the offenses. It denied the motion. Defendant appeals.

¶ 9                                II. ANALYSIS

¶ 10    Defendant argues that the maximum sentence was excessive in light of the fact that the offense was nonviolent, defendant's age, his remorse, and his medical issues considering the

3

Covid-19 pandemic. He argues the court failed to properly weigh the mitigating factors. Defendant further notes that the State argued for a term of five years' imprisonment when the maximum possible sentence was three years' imprisonment.

¶ 11		"It is well settled that a trial judge's sentencing decisions are entitled to great deference and will not be altered on appeal absent an abuse of discretion." *People v. Jackson*, 375 Ill. App. 3d 796, 800 (2007). A reviewing court "must not substitute its judgment for that of the trial court simply because the reviewing court would have weighed the factors differently." *Id.* at 800-01. A sentence that falls within the statutorily prescribed range is presumptively valid (*People v. Busse*, 2016 IL App (1st) 142941, ¶ 27), and "is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense" (*People v. Franks*, 292 Ill. App. 3d 776, 779 (1997)).

¶ 12		Felony driving with a suspended license as defendant was convicted of, is a Class 4 felony. See 625 ILCS 5/6-303(d-3) (West 2016). Class 4 felonies are subject to a term of imprisonment of one to three years. See 730 ILCS 5/5-4.5-45(a) (West 2016). Here, defendant's sentence of three years' imprisonment is within that range and thus, presumptively valid. Further, the record shows that the court considered and weighed the mitigating information presented by defendant, including his apology, the deaths of his family members and friend, and that he took care of elderly relatives. While defendant would like the court to have given less weight to his lengthy criminal history and more weight to his apology and the fact he took care of relatives, the weight to be given mitigating and aggravating factors is within the circuit court's discretion and this court is not to reweigh those factors on appeal. See *People v. Hageman*, 2020 IL App (3d) 170637, ¶ 19 ("It is not our duty on appeal to reweigh the factors involved in the circuit court's sentencing decision.").

¶ 13		Additionally, while defendant notes that the State asked for a sentence that was in excess of the maximum, the court ultimately sentenced defendant within the applicable range. Further,

the record indicates that the court previously acknowledged the applicable range of one to three years. Moreover, "[a]bsent an affirmative showing of error in the record, a trial judge is presumed to know the law and to apply it properly." *People v. Henderson*, 336 Ill. App. 3d 915, 922 (2003). There is no affirmative showing in the record before us that the court did not know the law or apply it properly.

¶ 14 Last, as to defendant's argument regarding his health concerns amid the Covid-19 pandemic, the pandemic did not exist at the time defendant was sentenced. Therefore, it cannot be considered as a factor indicating the sentence was an abuse of discretion, as this court may only consider the factors and situation present at the time of sentencing. *People v. Cebulske*, 7 Ill. App. 3d 503, 505 (1972) (providing that "events occurring subsequent to imposition of sentence *** have no bearing on the propriety of the sentence" and that the reviewing court "must look to the situation which presented itself to the trial court at the time of sentencing").

¶ 15 Based on the foregoing, we conclude that defendant's sentence was not excessive.

¶ 16                                    III. CONCLUSION

¶ 17 For the foregoing reasons, we affirm the judgment of the circuit court of Kankakee County.

¶ 18 Affirmed.